■  MARIA T. LOPES, as Administratrix of the Estate of MANUEL D. LOPEZ, Deceased, Respondent, v HAROLD R. ROSTAD et al., Appellants. COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Appellant-Respondent; VILLAGE OF FREEPORT, Defendant; S. ZARA & SONS CONTRACTING Co., INC., Third-Party Defendant-Appellant. (Action No. 1.) VITO MARTINO, Respondent, et al., Plaintiff, v COUNTY OF NASSAU, Defendant and Third-Party

Plaintiff-Appellant-Respondent, et al., Appellants. S. ZARA & SONS CONTRACTING CO., INC., Third-Party Defendant-Appellant. (Action No. 3.)—In jointly tried actions, Action No. 1 to recover damages for wrongful death and conscious pain and suffering, and Action No. 3, a negligence action to recover damages for personal injuries, etc., the appeals are from two judgments of the Supreme Court, Nassau County, entered February 28, 1975 (Action No. 3) and April 22, 1975 (Action No. 1), respectively, upon a jury verdict. The judgment in Action No. 1 is in favor of the plaintiff therein and against defendants Rostad and the County of Nassau, contains an apportionment of liability, and is in favor of the County of Nassau in its third-party action. The judgment in Action No. 3 is in favor of plaintiff Vito Martino and against defendants Rostad and the County of Nassau, in differing amounts, and is in favor of the County of Nassau in its third-party action. Judgments affirmed, with one bill of costs to plaintiff Lopes, payable jointly by defendants Rostad and the County of Nassau. The evidence supports the jury verdict. The third-party defendant was properly held liable to the defendant County of Nassau upon the *Dole v Dow Chem. Co.* (30 NY2d 143) theory of indemnity, even though the latter, if it had not disclaimed its right to do so, would have recovered upon its contract of indemnity. The other arguments raised have been considered and found to be without merit. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.